UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD EUGENE BOYD, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-08-2947 |
| | § | |
| CITY OF HOUSTON, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

I.      **Introduction**

Pending before the Court is the plaintiffs', Charles Pribilski (also known as Jimmy Olson) and Donald Eugene Boyd (collectively, the "plaintiffs," unless referred to individually), motion for summary judgment (Docket Entry No. 118).  The defendants, the City of Houston, Texas ("Houston"), R. Trevino, R.M. Cashdollar, M. Lem, R.W. Zalud, G.D. Smith, J.D. Wheeler, S.A. Smith and K.A. Munden (collectively, the "defendants," unless referred to individually) submitted a response to this motion (Docket Entry No. 129).  Further pending before the Court are three motions filed by the defendants:  Cashdollar and Trevino's motion for summary judgment (Docket Entry No. 119), Munden, S.A. Smith, Wheeler, G.D. Smith, Lem and Zalud's (collectively, the "supervisors") motion for summary judgment (Docket Entry No. 120) and Houston's motion for summary judgment (Docket Entry No. 121).  The plaintiffs submitted a response to these three motions (Docket Entry No. 135).  Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby DENIES the plaintiffs' motion for summary judgment, STRIKES the defendants' counterclaim, GRANTS in part and DENIES in part Trevino and Cashdollar's motion for summary judgment and the

supervisors' motion for summary judgment and GRANTS Houston's motion for summary judgment.

## II.      Factual Background

The pertinent facts in this dispute are set forth in the Court's earlier memorandum opinion and order granting in part and denying in part the defendants' motion to dismiss. (Docket Entry No. 90).

## III.     Contentions

### A.      The Plaintiffs' Contentions

The plaintiffs state that summary judgment is proper on the defendants' counterclaims. This position is premised upon the argument that the evidence defeats any assertion that the instant lawsuit is groundless. Further, the plaintiffs maintain that granting the defendants' requested relief would be against public policy.

With regard to the defendants' motions for summary judgment, plaintiffs assert that these requests are without merit.  To this end, they maintain that the police involved in the Pink Monkey raid did not have reasonable suspicion to detain individuals, nor probable cause to arrest.  Furthermore, summary judgment is not proper because the police utilized unreasonable and excessive force during the raids, assert the plaintiffs.  Lastly, it is argued that summary judgment is not proper, with regard to the supervisors and Houston, because the police raid was one of many related acts organized by police officials.

### B.      Defendants Trevino and Cashdollar's Contentions

Trevino and Cashdollar maintain that summary judgment is proper for all of the plaintiffs' claims against them.  Initially, they assert that the evidentiary support for the excessive force claim is false.  Cashdollar and Trevino further state that any detention of the plaintiffs was

pursuant to reasonable suspicion and therefore complied with the Fourth Amendment. Moreover, they argue that summary judgment is proper on the instant Fourteenth Amendment, conspiracy and punitive damages claims because there was no use of excessive force and no unreasonable seizure during the raid.

With regard to the plaintiffs' motion for summary judgment, Trevino and Cashdollar assert that the requested relief is inappropriate because the plaintiffs' summary judgment evidence is not proper. Moreover, they argue that the plaintiffs have not overcome the defendants' assertion of qualified immunity. Each of the defendants joins in this position.

### C.      The Supervisor Defendants' Contentions

The supervisors assert that summary judgment is proper for all claims against them. To this end, they state that proper supervision was provided for all officers during the Pink Monkey raid. Moreover, the supervisors assert that, since no constitutional violations were committed against the plaintiffs, they can not be liable for any such malfeasance. These parties further argue that there is no evidence of a deliberate indifference towards a substantial risk of serious harm. Lastly, the supervisors state that there is no evidence of a conspiracy and, regardless of any other arguments, they are protected by qualified immunity.

### D.      Defendant Houston's Contentions

Houston contends that summary judgment on all of the claims against it is proper. In support of this proposition, it asserts that reasonable suspicion existed to detain and search the plaintiffs. Further, it maintains that the Houston Police Department took proper action on all complaints arising from the Pink Monkey raid and performed no acts ratifying any malfeasance. Lastly, Houston states that all officers participating in the raid were properly trained, and, to the

extent that the plaintiffs assert that necessary retraining was not conducted, that position is not supported by evidence.

## IV.    Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The [movant] bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact."  *Lynch Props., Inc. v. Potomac Ins. Co*., 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex v. Catrett*, 477 U.S. 317, 322–25 (1986)).  Once the movant carries this initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.  *See Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).  The nonmovant must go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  The nonmovant may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts.  Fed. R. Civ. P. 56(e).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists."  *Lynch*, 140 F.3d at 625.  "A dispute regarding a material fact is 'genuine' if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party."  *Roberson v. Alltel Info. Servs*., 373 F.3d 647, 651 (5th Cir. 2004).  Thus, "[t]he appropriate inquiry is 'whether the evidence represents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson*, 477 U.S. at 251–52).

## V.    Analysis & Discussion

### A.    Defendants' Counterclaims

In each of their respective answers, the defendants proffer a "counterclaim" under 42 U.S.C. § 1988(b).[1]  Specifically, they assert that:

> [The defendants] would show this Honorable Court that because of the institution of this action, they have been required to obtain the services of attorneys for their defense. [The defendants] would show that such claims against them have been brought in bad faith, with the Plaintiffs having knowledge that [the defendants] committed no wrong. Therefore, [the defendants] request the Court award reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for their defense, upon exculpation from this malicious and groundless action.

The plaintiffs maintain that summary judgment is proper on these claims.  The Court disagrees with both parties' assertions.

Pursuant to the language of § 1988, "a reasonable attorney's fee [may be available to a victorious party] as part of the costs."  Under the Local Rules of the United States District Court for the Southern District of Texas, "[a]n application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment."  Accordingly, the Court strikes the defendants' "counterclaims" under § 1988 as being untimely.[2]  If appropriate, the defendants can re-urge this request at the close of trial.

---

[1] Section 1988(b) provides, in pertinent part, that "[i]n any action or proceeding to enforce a provision of [§ 1983] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

[2] On this issue, United States District Judge John A. Gorman (C.D. Ill.) has provided that:

> The Supreme Court has held that attorney fees under § 1988 are "costs." *Marek v. Chesny*, 473 U.S. 1 (1985).  Fed. R. Civ. P. 54(d) anticipates that a claim for costs (including attorney fees) will be filed after entry of judgment. Under the Local Rules of this Court, requests for attorney fees and bills of costs [should be filed within 14 days of the entry of a final judgment.] The Court has

B.      **Defendants' Motions for Summary Judgment**

1.      **Qualified Immunity**

"The doctrine of qualified immunity provides immunity from suit under § 1983 to government officials provided that 'their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known.'" *Reyes v. Bridgwater*, No. 09-10076, 2010 WL 271422, at *2 (5th Cir. Jan. 22, 2010) (quoting *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009)). "[Q]ualified immunity is an affirmative defense and . . . 'the burden of pleading it rests with the defendant.'" *Crawford-El v. Britton*, 523 U.S. 574, 587 (1998) (quoting *Gomez v. Toledo*, 446 U.S. 635, 639–641 (1980)). Further, despite its designation as an affirmative defense, "the *plaintiff* has the burden to negate the assertion of qualified immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (citing *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)) (emphasis added). On this topic, the Fifth Circuit has recently stated:

> At the summary judgment stage, . . . "[w]hen a defendant pleads qualified immunity as an affirmative defense . . . , a court must decide (1) whether the facts alleged or shown by the plaintiff ma[k]e out a violation of a constitutional right, and (2) whether that right was 'clearly established' at the time of the defendant's alleged misconduct." *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). The absence of a genuine issue of material fact on either element means that the defendant is entitled to summary judgment. "To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present 'absolute proof,' but must offer more than 'mere allegations.'" *Id.* (quoting *Reese v. Anderson*, 926 F.2d 494, 499 (5th Cir. 1991)).

*Reyes*, 2010 WL 271422, at *2 (footnote omitted). The defendants do not challenge whether the plaintiffs' current allegations embody "clearly established" constitutional rights, and as such, the

---

never before seen a fee request under § 1988 brought as a counterclaim. Not only is there nothing in the language of § 1988 to suggest that a request for fees is a separate cause of action, there is no authority for such a proposition cited in the summary judgment motion.

*Springer v. Durflinger*, No. 03-1200, 2006 WL 1120431, at *1 (C.D. Ill. Apr. 27, 2006) (information pertinent to the Southern District of Texas inserted).

outcome determinative question is "whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right." This issue is discussed with regard to each asserted cause of action below.

### 2. Fourth Amendment – Excessive Force

The plaintiffs argue that the defendants violated their "Fourth Amendment rights when they [were] unlawfully grabbed, handcuffed, thrown on the floor and detained without legal cause . . . [and t]he force used on Donald and Charles by the HPD officers was excessive." With regard to the use of excessive force as a Fourth Amendment violation, the Fifth Circuit has stated:

> To prevail on an excessive-force claim, [the plaintiff] must establish: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."[3] "[A]n injury is generally legally cognizable when it results from a degree of force that is constitutionally impermissible—that is, objectively unreasonable under the circumstances."[4] "The objective reasonableness of the force, in turn, depends on the facts and circumstances of the particular case, such that the need for force determines how much force is constitutionally permissible."[5] The test for reasonableness must consider "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[6]

*Collier v. Montgomery*, 569 F.3d 214, 218–19 (5th Cir. 2009).

Cashdollar and Trevino assert that summary judgment is proper on this claim "[b]ecause Mr. Boyd and Mr. Pribilski's allegations [that the officers exercised excessive force when they threw them to the ground and forced Boyd's arms behind his back] are not true . . . ." The Court construes this statement to be an allegation that there is no genuine issue of material fact on this topic. In response, the plaintiffs state:

---

[3] *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005).
[4] *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008).
[5] *Id.*
[6] *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (emphasis added).

No officer could articulate any set of facts to establish reasonable suspicion that either Donald or Charles had committed any crime . . . .  Furthermore, the evidence presented shows that the officers made no observations that Donald or Charles were dangerous, intoxicated or possessed anything illegal yet they were grabbed, thrown to the ground, handcuffed, patted down, thoroughly searched, there [sic.] driver's licenses taken and ran for warrants, handcuffed and then held for a hour or longer.

With regard to motions for summary judgment, after a moving party designates the issues that it believes display an absence of a genuine issue of material fact, the non-movant must identify specific evidence establishing a fact question.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The plaintiffs, as the non-moving parties, have failed to carry their burden.

As the plaintiffs point out, in an excessive force claim, a party "must allege (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need."  With regard to this standard, the plaintiffs' argument is deficient in two manners.

Initially, a perusal of the deposition testimony generally cited by the plaintiffs presents no evidence regarding the excessiveness of the force used.  The only evidence-supported assertion proffered by the plaintiffs is that "Cashdollar admits he took Donald to the ground at the beginning of the raid."  This, standing alone, is not evidence of an unreasonably excessive use of force.   Second, the plaintiffs do not cite to evidence of an injury suffered during the raid.  Accordingly, the plaintiffs have not presented evidence on the elements of their claim.

Premised upon these shortcomings, summary judgment is proper on the plaintiffs' claims against Cashdollar and Trevino.  Furthermore, absent the evidence necessary to survive summary judgment with regard to Cashdollar and Trevino, this claim cannot survive with regard to any other defendants.  Thus, summary judgment is proper on this claim in its entirety.

### 3.    Fourth Amendment – Search, Seizure and Detention

The plaintiffs argue that their Fourth Amendment rights "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" were violated by the defendants.  Cashdollar and Trevino assert that summary judgment is proper on this claim because "they had authority and *reasonable suspicion* cause to seize, detain and search . . . Mr. Boyd and Mr. Pribilski . . . ."[7]  (emphasis added.)  In response, the plaintiffs proffer affidavit testimony of Trevino that:  (1) Trevino searched Boyd for weapons by patting down the outside of his clothing, and (2) Trevino then searched Boyd's "pockets and interior pockets of sweaters, jackets, ankles area, [and] waistband [for drugs.]"

A review of the Supreme Court's Fourth Amendment jurisprudence regarding "reasonable suspicion" searches (also known as *Terry* searches, *see Terry v. Ohio*, 392 U.S. 1 (1968)) leads to the conclusion that the search of Boyd exceeded the scope of the search allowed pursuant to reasonable suspicion.  Specifically, the Supreme Court of the United Sates has stated:

> [In *Terry*, we held] that "[w]hen an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others," the officer may conduct a patdown search "*to determine whether the person is in fact carrying a weapon*." [*Terry*, 392 U.S. at 24 (emphasis added).]  "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence . . . ." [*Adams v. Williams*, 407 U.S. 143, 146 (1972).]  Rather, a protective search—permitted without a warrant and on the basis of reasonable suspicion less than probable cause—must be strictly "limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby." *Terry*, *supra*, at 26, 88 S.Ct., at 1882; *see also Michigan v. Long*, 463 U.S. 1032, 1049, and 1052, n.16, 103 S.Ct. 3469, 3480–3481, and 3482, n.16, 77 L.Ed.2d 1201 (1983); *Ybarra v. Illinois*, 444 U.S. 85, 93–94, 100 S.Ct. 338, 343–344, 62 L.Ed.2d 238 (1979). If the protective search goes beyond what is necessary to determine if the suspect is armed, it is no longer

---

[7] Defendants briefly mention the concept of "probable cause" in their motion for summary judgment, but they never apply the theory to the facts, nor do they actually assert that they had "probable cause" in the instant case. Furthermore, to the extent that "probable cause" might have existed, the plaintiffs have not argued any exception to the general rule that warrantless searches and seizures are unreasonable.  *See Lopez v. City of Houston*, No. Civ.A. 03-2297, 2005 WL 1770938, at *9 (S.D. Tex. July 25, 2005).

valid under *Terry* and its fruits will be suppressed. *Sibron v. New York*, 392 U.S.
40, 65–66, 88 S.Ct. 1889, 1904, 20 L.Ed.2d 917 (1968).

*Minn. v. Dickerson*, 508 U.S. 366, 373 (1993) (emphasis added).

Trevino's above-cited statement that he searched areas inside of Boyd's clothing for drugs *after* conducting a brief pat down for weapons establishes that the scope of the search in question exceeded that allowed under *Terry*.  Accordingly, Trevino and Cashdollar's motion for summary judgment on this issue is denied.

### 4.     Fourteenth Amendment – Due Process

The plaintiffs assert that "[t]he Fourteenth Amendment guarantees everyone the right not to be deprived of liberty without due process of law . . . .  Defendant City of Houston and John Doe police officers violated [the plaintiffs'] Fourteenth Amendment rights when they used excessive force upon them during their unlawful search and seizure . . . ."  For the same reasons set forth in the above discussions pertaining to the instant Fourth Amendment claims, the Court finds, regarding Trevino and Cashdollar, that:   (1) concerning the excessive use of force allegation, summary judgment is proper, and (2) concerning the unreasonable search and seizure claim, summary judgment is inappropriate.

### 5.     Conspiracy

"The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Brown v. Tull*, No. 99-50442, 2000 WL 821404, at *4 (5th Cir. May 30, 2000) (quoting *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)).  Apropos of this cause of action, the defendants allege that summary judgment is proper because the plaintiffs have not proffered evidence of a violation of a right protected by § 1983.  The Court disagrees.  As

discussed above, the plaintiffs have proffered evidence of a Fourth Amendment violation.  Thus, summary judgment is improper.

### 6.    Supervisory Liability & Ratification

The plaintiffs assert that the supervisors and Houston are liable under the theories of supervisory liability and ratification of the alleged bad acts of police officers.  "When, as here, a plaintiff alleges a failure to train or supervise, 'the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'"  *Estate of Davis ex rel. McCully v. City of North*, 406 F.3d 375, 381 (5th Cir. 2005) (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998)).  Further, "[i]n an action against a municipality such as [Houston,] the plaintiff must show that the conduct was pursuant to a custom, policy or practice that is somehow attributable to municipal decision-makers, and that an affirmative link exists between that policy and the alleged constitutional violation."  *Angel v. City of Fairfield, Tex.*, 793 F.2d 737, 738–39 (5th Cir. 1986) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)) (footnote omitted).  The plaintiffs have not proffered summary judgment evidence satisfying these standards.

As discussed above, after a summary judgment movant alleges a lack of evidentiary support regarding specific elements of a cause of action, the non-movant must present specific evidence establishing a fact question.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The plaintiffs have failed to carry this burden.  Specifically, in arguing that summary judgment on these claims is improper, the plaintiffs discuss pertinent case law and

make various unsupported assertions of fact.  In doing this, they do not cite to underlying evidentiary support.  Accordingly, summary judgment is proper on these issues.[8]

## VI.     Conclusion

Based on the above, the Court hereby **DENIES** the plaintiffs' motion for summary judgment, **STRIKES** the defendants' counterclaim, **GRANTS** in part and **DENIES** in part Trevino and Cashdollar's motion for summary judgment and the supervisors' motion for summary judgment and **GRANTS** Houston's motion for summary judgment.

It is so **ORDERED.**

SIGNED at Houston, Texas this 7th day of July, 2010.

Kenneth M. Hoyt
United States District Judge

---

[8] The Court notes that, with regard to proper training of police officers, the plaintiffs state:

As evidenced by the testimony of the officers each stated they received their training in reasonable suspicion and detention by the City of Houston and stated their activities were proper under the City's practices and policies. Despite an IAD investigation there was no finding that any officer did anything wrong in the Pink Monkey Raid.

Assuming, *arguendo*, that the record provides supporting evidence for this statement, this still presents no evidence on anything beyond that the alleged bad actors were trained by City of Houston.  This evidence does not raise a genuine issue of material fact on all elements of these causes of action.  Accordingly, summary judgment is still proper.